**Amarjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 04–76373.**

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 1, 2008.

Hardeep Singh Rai, Tsz–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Carl H. Mcintyre, Jr., Oil, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Amarjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have juris-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003), and we grant the petition for review.

We conclude that none of the IJ's adverse credibility findings is supported by substantial evidence. *Id.* at 603. The IJ's finding that Singh's father's signatures on three different affidavits were dissimilar is not supported because the the signatures were similar. *See He,* 328 F.3d at 600 (substantial evidence does not support adverse credibility determination where the IJ's conclusions were inconsistent with the record). In addition, substantial evidence does not support the IJ's finding that the letter signed by Simranjit Mann was "altered," and thus fraudulent, because of a handwritten date. *See Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996) (stating that conjecture is not a substitute for substantial evidence).

Next, the record does not support the IJ's finding that Singh testified inconsistently about his voting history, *see He,* 328 F.3d at 600, and his voting history is peripheral to Singh's asylum claim, *see Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002). The IJ's finding that Singh was not knowledgeable about the Akali Dal Mann party is unsupported because Singh testified that he knew about local politics, and did not know details about the national party. *See He,* 328 F.3d at 600.

We grant the petition and remand for further proceedings to determine whether, accepting Singh's testimony as credible, he is eligible for asylum, withholding of removal, and CAT relief. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW GRANTED.**